NOT FOR PUBLICATION

FILED

OCT 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS MARES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1225

Agency No.
A092-986-681

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2023\*\*
San Francisco, California

Before: BEA, CHRISTEN and JOHNSTONE, Circuit Judges.

Carlos Mares ("Petitioner"), a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal of the denial by an Immigration Judge ("IJ") of his applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

Where the BIA has explicitly affirmed and adopted portions of the IJ's findings and cited *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), we review those portions of the IJ's decision as though it were the BIA's. *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review legal conclusions de novo and factual findings for substantial evidence. *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011).

Petitioner did not raise the particular social group of "Mexicans deported from the United States" in his proceedings before the IJ. Because this group was not before the IJ, the BIA did not err in declining to consider this group for the first time on appeal, *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019), and this Court declines to consider this new particular social group in the first instance, *Santiago-Rodriguez*, 657 F.3d at 829.

Substantial evidence supports the IJ's finding that Petitioner has not met his burden to show that it is more likely than not that he will be tortured if returned to Mexico. In the record, Petitioner only provided generalized evidence of violence and torture in Mexico, which is insufficient to meet his burden under the CAT.

*Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019); *Delgado-Ortiz v. Holder*,

600 F.3d 1148, 1152 (9th Cir. 2010).

      **PETITION DENIED.**